[No. 5972. Decided March 3, 1906.]

D M. QUARLES, *Respondent,* v. M. M. FREDERICK *et al., Appellants.*[1]

CONTRACTS—SERVICES—TRIAL—VERDICT—COMPUTATION OF AMOUNT. In an action to recover for services performed, in which the principal controversy was as to a modification of the terms of the contract, whereby the plaintiff's wages were reduced from $35 to $25 per week after a certain date, making the balance due thereon either $111.65 or $257, a verdict for the sum of $217, is justified where there was evidence from which the jury might have computed the amount by reference to a different time than that specified as the time of the modification, or might have considered certain allowances for room rent in consideration of the modification of the contract.

Appeal from a judgment of the superior court for King county, Morris, J., entered July 3, 1905, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon contract. Affirmed.

*Fred H. Peterson* and *H. C. Force,* for appellants.

*George McKay* and *Thomas B. MacMahon,* for respondent.

PER CURIAM.—This action was brought by the respondent against the appellants to recover a balance claimed to be due

[1]Reported in 84 Pac. 634.

for services. The appellants are jewelers, and employed the respondent to work for them as a cleaner and repairer, agreeing to pay him for his services at the rate of $35 per week. The appellant worked from May 9, 1904, to September 24, 1904, and received in part payment for his services the sum of $493. At the conclusion of his services the respondent claimed that he was entitled to $35 per week for the entire time between the dates above mentioned, while the appellants claimed that he was entitled to $35 per week up to June 11 only, and $25 per week thereafter, averring that the agreement as to wages was modified by the mutual consent of the parties on June 11 to the effect that the respondent's wages should be $25 per week thereafter instead of $35 per week. Under the claim of the respondent there was a balance due him of $257; while under appellants' contention there was only $111.65 due. On the trial the jury brought in a verdict in favor of the respondent for $217, and for this sum judgment was entered in his favor by the court.

While the appellants assign three separate errors, they can all be summed up in the contention that the evidence does not support the verdict returned by the jury. The appellants admit that had the jury returned the amount claimed by the respondent, or the amount admitted to be due by them, the verdict could not be assailed on this ground, but they say there was no evidence whatsoever that the appellants owed the respondent $217; and, from the fact that the jury returned that sum as their verdict, they draw the conclusion that the verdict was the result of a wilful disregard of the facts shown at the trial, and a compromise of the conflicting opinions held by different members of the jury which the jury had no right to make. It is our opinion, however, that the evidence does justify the verdict. As we have stated, the principal contest was over the question whether or not there had been a change in the original contract with reference to wages. On this question there was evidence from which the

jury could have found that a change was made in accordance with the appellants' contention, not at the time claimed by them, but at a later date. It was in evidence, also, that the appellants had made some allowances as to charges for a room which they had rented to the respondent on the assumption that there had been a modification of the lease on June 11. If the wages be calculated on the basis of the later change, and the allowances for room rent the appellants deducted be charged to the respondent, the sum total is practically the verdict returned by the jury.

It is objected to this computation that the issues were not made upon such a theory. But the case was not tried on the theory made by the pleadings. Each side gave in evidence their version of the transaction regardless of the pleadings, and it is now too late to complain that the verdict does not accord with the claim of either party made by the pleadings.

The judgment is affirmed.